UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10219-IT |
| | * | |
| APHEX BIOCLEANSE SYSTEMS, INC. | * | |
| and DAVID OLUND, | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM & ORDER

April 29, 2024

TALWANI, D.J.

Pending before the court is Defendant David Olund's Motion for Reconsideration ("Mot. Recons.") [Doc. No. 72]. Olund, proceeding pro se, requests that the court reconsider its Memorandum & Order ("Order") [Doc. No. 61] denying Olund's Motion to Dismiss [Doc. No. 8]. For the following reasons, the Motion for Reconsideration is DENIED.

In his Motion for Reconsideration [Doc. No. 72], Olund requests that the court reconsider its finding that it has personal jurisdiction over Plaintiff Scott Smith's claims against him. Olund raises various legal and factual disputes as to the merits of Smith's claims, including, inter alia, whether the Employment Agreement was a valid contract and whether certain sales on Aphex's behalf happened as Smith alleges. Mot. Recons. at 1-3. Where a district court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court applies the prima facie standard for determining personal jurisdiction. See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995). Under that standard, the district court does not act as a factfinder, "rather, it accepts properly supported proffers of evidence by a plaintiff as true and

makes its rulings as a matter of law." United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993). Any disputed facts must be viewed in the light most favorable to the Plaintiff. Sawtelle, 70 F.3d at 1385-86.

This standard required the court to take any factual disputes raised by the Motion to Dismiss—such as those noted by Olund in his Motion for Reconsideration—in the light most favorable to Smith. In so doing, the court found that Smith's facts and proffered evidence were sufficient to justify personal jurisdiction in this court over his claims against Olund.[1]

The court has not, however, made determinations as to the truth of those facts. The merits of Smith's claims against Olund remain unresolved, and the disputes that Olund raises in his reconsideration motion may need to be addressed either on summary judgment or at trial. Until then, where Olund has failed to establish a manifest error of law, newly discovered evidence, or that the court has patently misunderstood some aspect of this matter, his Motion for Reconsideration [Doc. No. 72] is DENIED. Defendant Olund's response to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 67], which was filed on April 23, 2024, is due on May 14, 2024.[2]

    IT IS SO ORDERED

    April 29, 2024                                  /s/ Indira Talwani
                                                                  United States District Judge

---

[1] Olund also objects that the court's Order "often referred to [him] as the 'CEO' of Aphex," when he was never actually CEO. The court correctly referred to Olund as Aphex's President several times, see Order 1, 2, 18 [Doc. No. 61], but did incorrectly refer to him as CEO on one occasion, see id at 12. The court will correct the error.

[2] If Olund obtains counsel to represent him in these proceedings, the court will entertain a motion for additional time for counsel to respond to Plaintiff's pending motion.