UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10219-IT |
| | * | |
| APHEX BIOCLEANSE SYSTEMS, INC. | * | |
| and DAVID OLUND, | * | |
| | * | |
| Defendants. | | |

ORDER

July 23, 2024

TALWANI, D.J.

Plaintiff Scott Smith has filed a <u>Motion for Sanctions</u> [Doc. No. 90] seeking sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11 against Defendant David Olund for his failure to comply with the operative scheduling order and refusal to participate in discovery. With his motion, Smith includes emails from Olund in response to Smith's counsel's inquiry as to the status of Olund's initial disclosures and attempts to meet and confer. In one email, Olund states he "will not participate in discovery" or "defend this frivolous action any longer." Mot. for Sanctions, Ex. 2 [Doc. No. 90-2]. Plaintiff's counsel has certified that he attempted by email requests and phone calls to meet and confer regarding these disclosures to no avail. Mot. for Sanctions 6 [Doc. No. 90]. Defendant has not filed any opposition to Plaintiff's motion.

Under Fed. R. Civ. P. 26(a)(1)(A), a party must provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing

     party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Under this court's Notice of Scheduling Conference [63], the initial disclosures of witnesses and documents must include not only the information that the disclosing party may use to support his claim or defense but "each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings," and all documents "relevant to the disputed facts alleged with particularity in the pleadings." Id. ¶ 3. Under this court's Scheduling Order [Doc. No. 85], those disclosures were due by June 14, 2024.

  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Moreover, in the event that a party fails to make a required disclosure, "any party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Subject to limited exceptions, "[i]f the motion is granted – or if the disclosure is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A); see also Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv), (c)(1).

  Here, although Plaintiff seeks sanctions, he has not yet moved to compel disclosure.

Accordingly, Plaintiff's Motion for Sanctions [Doc. No. 90] is DENIED without prejudice. If Defendant Olund fails to make his disclosures within one week of this order, Plaintiff may refile his motion seeking both to compel responses and for sanctions.

IT IS SO ORDERED

July 23, 2024                                                                     /s/ Indira Talwani
                                                                                         United States District Judge