UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT SMITH | ) | Civil Action No. 22-10219 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| APHEX BIOCLEANSE SYSTEMS, INC., | ) | |
| DAVID R. OLUND, and | ) | |
| CHARLES RAGLAND | ) | |
| Defendants. | ) | |

**ORDER OF DEFAULT JUDGMENT**

The Defendant, Aphex Biocleanse Systems, Inc., having failed to plead or otherwise defend in this action and its default having been entered, NOW, upon application of plaintiff, Scott Smith, supporting affidavits, and Statement of Facts demonstrating that defendant owes plaintiff the sum of $117,000 for *non-payment* of wages as its Chief Sustainability Officer ("CSO") in violation of the Wage Act (M.G.L. ch. 149, § 148), with pre-judgment interest from June 2021 through March 2025 in the amount of $49,140, and back pay damages for *retaliatory* employment termination from the date of termination to the date of judgment credited from June 2022 (to avoid duplicative recovery) to March 2025 (33 months) amounting to $396,000 for proscribed retaliation under the Wage Act (M.G.L. ch. 149, § 148A), said damages having been mitigated by Smith's earnings in 2022 and 2023 amounting to $120,000, thus totaling adjusted back pay damages of $276,000 with prejudgment interest from June 2022 through March 2025 (33 months), halved to account for the pay being due over time, in the amount of $45,540 (half of $91,080), plus/including $_____ for the retaliatory smear campaign and defamation that caused reputational damage, embarrassment and humiliation to the Plaintiff, and that

1

defendant, being a legal entity, is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $629.50.[1]

AND FURTHER, that defendant owes plaintiff the sum of $96,000 for *non-payment of wages* as its Chief Marketing Officer ("CMO") in violation of the Wage Act (M.G.L. ch. 149, § 148), with prejudgment interest from October 2021 through March 2025 in the amount of $37,440, and back pay damages for *retaliatory* employment termination from the date of termination to the date of judgment credited from June 2022 (to avoid duplicative recovery) to March 2025 (33 months) amounting to $396,000 for proscribed retaliation under the Wage Act (M.G.L. ch. 149, § 148A), with prejudgment interest from June 2022 through March 2025 (33 months), halved to account for the pay being due over time, in the amount of $65,340 (half of $130,680).

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant under COUNT I for non-payment of wages due under the Wage Act for his role as CSO, the principal amount of $351,000 (trebled from $117,000), plus prejudgment interest at the rate of 12% from June 2021 to May 2022 in the amount of $49,140 pursuant to M.G.L. ch. 149, §§ 148, 150; and that plaintiff recover from defendant under COUNT II for retaliation under the Wage Act, the principal amount of $828,000 in back pay for the CSO position (trebled from $276,000), plus prejudgment interest of $45,540 as provided by M.G.L. ch. 149, §§ 148A, 150.

It is further ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant under COUNT I for non-payment of wages due under the Wage Act for his role as CMO, the principal amount of $288,000, (trebled from $96,000), plus prejudgment interest from

---

[1] COSTS: $402.00 (filing fee); $125.00 service of process on Olund; $95.00 service of process on Aphex in Reno, NV; $7.50 metered parking.

October 2021 through March 2025 in the amount of $37,440 pursuant to M.G.L. ch. 149, §§ 148, 150; and that plaintiff recover from defendant under COUNT II for retaliation under the Wage Act, the principal amount of $1,188,000 in back pay for the CMO position (trebled from $396,000), plus prejudgment interest of $65,340 as provided by M.G.L. ch. 149, §§ 148A, 150.

The total principal amount that plaintiff shall be entitled to recover from the defendant, is thus, $2,852,460, with costs in the amount of $629.50, for a total judgment of $2,853,089.50 with interest as provided by law.

The plaintiff shall further be entitled to an award of reasonable attorney's fees incurred in bringing this action upon motion submitted by the plaintiff for an assessment and award of same.

By the Court,


Courtroom Deputy Clerk

Dated:

NOTE: The post judgment interest rate effective this date is 12% per annum.

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2025.