UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT SMITH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 1:22-cv-10219-IT |
| | * |
| APHEX BIOCLEANSE SYSTEMS, INC. | * |
| and DAVID OLUND, | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM & ORDER

August 13, 2025

TALWANI, D.J.

Pending before the court in this employment dispute are Plaintiff Scott Smith's Motion for Partial Summary Judgment [Doc. No. 67] as to Defendant David Olund and Plaintiff's Motion to Strike [Doc. No. 88] putative affidavits and other materials that Olund filed *pro se* in opposition to Plaintiff's summary judgment motion. For the following reasons, Plaintiff's Motion to Strike is GRANTED IN PART and DENIED IN PART.[1]

I. **Standard of Review**

On summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits or declarations . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

[1] The court will address the pending summary judgment motion in a separate order.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]n unsworn statement signed under penalty of perjury may be used, in lieu of a sworn statement or affidavit, to support or oppose a motion for summary judgment." Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern., Inc., 982 F.2d 686, 689 (1st Cir. 1993); Rodríguez-Severino v. UTC Aerospace Sys., 52 F.4th 448, 460 (1st Cir. 2022). Generally, such an unsworn statement should be signed, dated, and attested to be true under penalty of perjury. See 28 U.S.C. § 1746.

## II. Discussion

### A. Defendant Olund's Declaration [Docket Number 87]

Plaintiff argues that Olund's Declaration in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 87] should be stricken because it is not a signed and dated sworn statement made under penalty of perjury. See Mot. to Strike 3 [Doc. No. 88]. Although this submission is titled "declaration," it does not purport to set out facts that would be admissible in evidence. It also is not submitted under penalty of perjury. Where, despite the caption, the document appears only to be argument offered in response to Plaintiff's summary judgment motion rather than an evidentiary submission, the court will treat the document, together with Olund's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgement [Doc. 87-1] as Olund's Opposition, but not as evidentiary support for any assertion of fact.

### B. Defendant Olund's May 17, 2024 Affidavit [Docket Number 87-2]

Plaintiff moves to strike Defendant Olund's May 17, 2024 Affidavit [Doc. No. 87-2] on the grounds that it fails to satisfy 28 U.S.C. § 1746. See Mot. to Strike 2 [Doc. No. 88]. But

2

Olund, who was granted e-filing privileges, see Electronic Order [Doc. No. 82], dated and digitally signed the Affidavit, which states that it is made "under penalty of perjury as provided for at 28 U.S.C. 1746 (*sic*)." See May 17, 2024 Affidavit 2 [Doc. No. 87-2]. The Affidavit [Doc. No. 87-2] explicitly references 28 U.S.C. § 1746, and the court finds it of no matter that the exact language suggested by that statute is not included, where the statute only requires an affidavit to be "in substantially the following form," not an exact match.

Plaintiff further argues that the Affidavit should be stricken because its contents concern personal jurisdiction, an issue that this court has already decided in Plaintiff's favor. See Mem. and Order on Mot. to Dismiss 5 [Doc. No. 61]; Mem. and Order on Mot. for Recons. 1 [Doc. No. 76]. Olund's affidavit does state that it is "in support of [his] claim of lack of personal jurisdiction." See May 17, 2024 Affidavit 1 [Doc. No. 87-2]. But Plaintiff points to no source of law indicating that a court must strike an affidavit because it was first drafted to address another issue. Accordingly, Plaintiff's request to strike the Affidavit [Doc. No. 87-2] is DENIED.

  C. *Anthony Marotti's Statement of Recollection [Docket Number 87-6]*

Plaintiff moves to strike the Statement of Recollection by Anthony Marotti [Doc. No. 87-6]. See Mot. to Strike 5 [Doc. No. 88]. Marotti states that he is making the statement "based on [his] recollection, and copies of documents regarding this issue provided to [him]." Statement 2 [Doc. No. 87-6]. The Statement [Doc. No. 87-6] does not state the basis on any personal knowledge as to his recollection, and to the extent is it based on copies of documents, it is not based "on personal knowledge" as required by Fed. R. Civ. P. 56(c)(4). Further, while Marotti states that the statement is made "[t]o the best of [his] knowledge[,]" id. at 2, he has not stated that it is true under penalty of perjury, see 28 U.S.C. § 1746. Accordingly, Plaintiff's request to strike the Statement [Doc. No. 87-6] is GRANTED.

      D.     *Robert Flynn's Affidavit [Docket Number 87-7]*

Plaintiff moves to strike the Affidavit of Robert J. Flynn, Jr. [Doc. No. 87-7] on several grounds. See Mot. to Strike 6–8 [Doc. No. 88]. On its face, the Affidavit is undated and thus "does not comport with the statutory requirements" of 28 U.S.C. § 1746. See Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 854 n.2 (1st Cir. 2016). Plaintiff also challenges the authenticity of the Affidavit, arguing that although it contains the caption of a Florida bankruptcy case, there is no indication that this document "was ever filed in that case." See Mot. to Strike 6 [Doc. No. 88]. The Affidavit does not indicate on its face that it was submitted in those proceedings and this court has been unable to locate the affidavit on the extensive bankruptcy docket. "The failure to authenticate a document properly precludes its consideration on a motion for summary judgment." Robinson v. Bodoff, 355 F. Supp. 2d 578, 582 (D. Mass. 2005) (citing Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (citing Fed. R. Civ. P. 56(c), (e)).

Accordingly, Plaintiff's request to strike the Affidavit of Robert J. Flynn, Jr. [Doc. No. 87-7] is GRANTED.

      E.     *Charles Ragland, Jr.'s Affidavit [Docket Number 87-8]*

Plaintiff moves to strike the Affidavit for lacking a qualifying sworn statement. See Mot. to Strike 9 [Doc. No. 88]. The document is signed, dated, and, on its own terms, "[p]rovided as a true Affidavit of fact." See Affidavit of Charles Ragland, Jr. 2 [Doc. No. 87-8]. However, it does not indicate that it is made "on personal knowledge," as required by Fed. R. Civ. P. 56(c)(4), or state that it is made under penalty of perjury. See Betouche v. Ashcroft, 357 F.3d 147, 150 (1st Cir. 2004) (refusing to consider an unsworn letter as an affidavit where it was not an "unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of

4

perjury."). Therefore, Plaintiff's request to strike the Affidavit of Charles Ragland, Jr. [Doc. No. 87-8] is GRANTED.

    F.    *March 2022 Email [Docket Number 87-5]*

Plaintiff argues that Exhibit B [Doc. No. 87-5] to Olund's opposition should be stricken as waived, irrelevant, and not properly authenticated. See Mot. to Strike 10–11 [Doc. No. 88]. The first part of the exhibit is an email from Olund to Robert Flynn. Because Plaintiff disputes the authenticity of the email, and Defendant offers no evidence regarding the authenticity of the email, the court will not consider the email from Olund to Flynn.

However, Exhibit B also includes an email from Smith to the Officers and Directors of Aphex notifying them of, and including purported copies of, resolutions and shareholder actions purporting, *inter alia*, to remove and terminate Olund, Thomas Fitzgerald, and Charles Ragland from Aphex's board of directors and to install Anthony Fedor as the chairman of the board. See Smith Mar. 3, 2022 Email [Doc. No. 87-5]. Where the email appears to be from Smith, and Smith states only that Olund has failed to authenticate the exhibit but does not state that he did not send the email, Plaintiff's motion to strike the email and attachments thereto is denied.[2]

Therefore, Plaintiff's request to strike the March 2022 Email from David Olund [Doc. No. 87-5] is GRANTED IN PART and DENIED IN PART.

    G.    *Response to Plaintiff's Statement of Material Facts [Docket Number 87-3]*

Plaintiff moves to strike Olund's Statement of Genuine Issues of Material Fact in Dispute [Doc. No. 87-3] as to any unsupported statements following each "disputed" paragraph. See Mot.

---

[2] Plaintiff further argues that the contents of Exhibit B are irrelevant. See Mot. to Strike 10 [Doc. No. 88]. But the email suggests an attempt by Smith to oust Olund and other directors from their positions. That makes the email material to the dispute over the reasons for the allegedly retaliatory acts taken against Smith.

to Strike 11 [Doc. No. 88]; Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. for Partial SJ 1–4 [Doc. No. 89]. Plaintiff correctly notes Defendant's "failure to include page references to affidavits, depositions and other documentation" with many such statements and failure "to address, contradict, [or] negate" material facts advanced by plaintiff, as required by Local Rule 56.1. Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. for Partial SJ 2–3 [Doc. No. 89]. These faults make the statements inadequate to raise a factual dispute for summary-judgment purposes. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). However, the court will consider these statements not as evidentiary material but as argument.

Plaintiff also moves to strike Olund's Statement of Genuine Issues of Material Fact in Dispute [Doc. No. 87-3] as to facts added after paragraphs labeled "acknowledged," on the grounds that Defendant "waived his right to add facts to undisputed fact paragraphs that he admitted to, namely, paragraphs 7, 15-16, 19-20, 22, 30-34, 39-41, and 46-50." See Mot. to Strike 11 [Doc. No. 88]. But admitting some fact set forth by Plaintiff does not preclude Defendant from offering additional facts. However, where Olund does not offer evidentiary support for these statements, they will be treated only as argument.

Therefore, Plaintiff's request to strike statements in Olund's Statement of Genuine Issues of Material Fact in Dispute [Doc. No. 87-3] is DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike [Doc. No. 88] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

August 13, 2025                             /s/ Indira Talwani
                                            United States District Judge